UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASETEK HOLDINGS, INC., *et al.*, | No. C-12-4998 EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO STAY** |
| COOLIT SYSTEMS, INC., | **(Docket No. 20)** |
| Defendant. _____/ | |

Currently pending before the Court is CoolIT's motion to stay proceedings pending reexamination of the '764 patent. Having considered the parties' briefs and accompanying submissions,[1] as well as the oral argument of counsel, the Court **DENIES** the motion without prejudice for the reasons stated on the record and as supplemented herein.

A district court has the discretion to stay judicial proceedings pending reexamination of a patent. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed.Cir.1988). In determining whether to grant a stay pending reexamination, courts generally consider: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1110 (N.D. Cal. 2006) (Wilken, J.).

---

[1] This includes Asetek's sur-reply. Asetek's motion for leave to file a sur-reply is granted.

Taking into account the above factors, the Court denies CoolIT's motion to stay. Although this case is in the early stages of litigation, which would generally weigh in favor of a stay, other considerations weigh against a stay. For example, arguably, a stay is not likely to substantially simplify the issues in the lawsuit, particularly because, even though the PTO has granted reexamination with respect to the '764 patent, it has denied reexamination with respect to the '362 patent. There is sufficient potential overlap in the litigation of these two patents that counsels in favor of keeping them both on the same litigation track. As for prejudice, Asetek and CoolIT are direct competitors, and Asetek has provided evidence to support its claim that a stay could have "'effects that would be difficult to reverse after the fact.'" *Interwoven, Inc. v. Vertical Computer Sys.*, No. C 10-04645 RS, 2012 U.S. Dist. LEXIS 30946, at *8 (N.D. Cal. Mar. 8, 2012).

In any event, proceeding with exchange of contentions and discovery at least until claim construction briefing will not substantially prejudice either party. Thus, although the Court denies Asetek's motion, the denial is without prejudice. Exchange of contentions and discovery shall proceed. The Court shall hold a case management conference in this case on May 23, 2013, at 10:30 a.m., at which point the parties will be able to provide a further update as to the status of the reexamination proceeding before the PTO.

This order disposes of Docket Nos. 20 and 52.

IT IS SO ORDERED.

Dated: January 23, 2013

_____
EDWARD M. CHEN
United States District Judge