UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASETEK HOLDINGS, INC., *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>COOLIT SYSTEMS, INC.,<br><br>   Defendant.<br>_____/ | No. C-12-4498 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**[REDACTED VERSION]**<br><br>**(Docket No. 22)** |

Asetek has filed suit against CoolIT, asserting that it has infringed and continues to infringe two of Asetek's patents, more specifically, the '362 and '764 patents. Currently pending before the Court is CoolIT's motion to dismiss. Having considered the parties' briefs, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part CoolIT's motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

In its complaint, Asetek alleges as follows.

Asetek is "the world leading provider of CPU [central processing unit] and GPU [graphics processing unit] liquid cooling systems for thermal and acoustic management." Compl. ¶ 7. It is "now the vendor of choice for CPU cooling in factory overclocked gaming systems, serving Dell Alienware, Acer and multiple leading gaming system providers." Compl. ¶ 7. It is "also active in the workstation market, supplying liquid cooling for HP's Z400 and Z800 workstations and several tier 2 workstation suppliers." Compl. ¶ 8. Finally, it is "addressing the server market with its new low profile integrated pump and cold plate CPU cooler." Compl. ¶ 9.

1  According to Asetek, "CoolIT is an original equipment manufacturer ('OEM') and
2 manufactures at least [three] liquid cooling products that infringe the Patents-in-Suit." Compl. ¶ 11.
3 The two patents in suit are the '362 and '764 patents. The three allegedly infringing products are the
4 H60, H80, and H1000 liquid cooling products. *See* Compl. ¶ 11.

5  Asetek alleges that CoolIT infringes by:

6,7 • offering to sell these products to customers in the United States via its website, *see* Compl. ¶ 6;

8,9,10 • offering to sell and selling these products to two U.S.-based companies, Corsair Components, Inc. and Corsair Memory, Inc., who then offer to sell and sell the products to end users in the United States, *see* Compl. ¶¶ 6-7, 11;

11,12 • offering to sell and selling these products to other resellers in the United States, who then offer to sell and sell the products to end users in the United States. *See* Compl. ¶ 11.

13 Based on, *inter alia*, the above allegations, Asetek has sued CoolIT for direct patent infringement as
14 well as indirect patent infringement (both inducement of infringement and contributory
15 infringement).

## II. DISCUSSION

### A. Legal Standard

 Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see*

2

1 *also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

B. <u>Direct Infringement</u>

In its motion, CoolIT argues that the direct infringement claim should be dismissed because, under the Patent Act, only infringement within the United States is actionable and Asetek has pled direct infringement based on CoolIT's sales to a third-party foreign company (*i.e.*, Corsair) on foreign soil.

As a preliminary matter, the Court notes that Asetek has asserted direct infringement by CoolIT based on several theories, only one of which involves CoolIT's sales to Corsair. For example, Asetek has also claimed direct infringement based on (1) CoolIT's offer to sell the infringing products to end users via its website, *see* Compl. ¶ 6, and (2) CoolIT's offer to sell and sales of the infringing products to other resellers in the United States. *See* Compl. ¶ 11. Thus, at best, CoolIT has raised only a basis for partial dismissal of the direct infringement claim.

As for the specific argument made by CoolIT, it is problematic. CoolIT is correct in noting that, under 35 U.S.C. § 271(a), there must be infringement within the United States in order for there to be liability. *See* 35 U.S.C. § 271(a) (providing, in relevant part, that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent"); *MEMC Elec. Mats., Inc. v. Mitsubishi Mats. Silicon Corp.*, 420 F.3d 1369, 1375-76 (Fed. Cir. 2005) (stating that "[i]t is well-established that the reach of section 271(a) is limited to infringing activities that occur within the United States"; also stating that infringement "'cannot be predicated [on] acts wholly done in a foreign country'"). However, CoolIT is incorrect in suggesting that Asetek has not adequately pled sales by CoolIT to Corsair within the United States. In its complaint, Asetek specifically alleges that CoolIT infringed by offering to sell and selling the H60, H80, and H100 products to Corsair Components, Inc. and Corsair Memory, Inc., which are both U.S.-based companies (collectively, "Corsair U.S."). *See* Compl. ¶¶ 6-7, 11.

1 In its papers, CoolIT argues, in effect, that the Court should ignore the allegation that sales
2 were made to the Corsair U.S. entities because, in reality, sales were made to a Corsair *Hong Kong*
3 entity ("Corsair Hong Kong"). In support of this argument, CoolIT has offered as evidence (1) a
4 product purchase agreement between CoolIT and Corsair Hong Kong and (2) a purchase order
5 reflecting that Corsair Hong Kong was the entity billed (although shipment was made to a Corsair
6 U.S. entity). *See* Lyon Decl., Exs. A-B.

7 Because this is a 12(b)(6) motion, the Court must first evaluate whether it can consider this
8 evidence that is formally not a part of the complaint. The Ninth Circuit has noted that,

> [o]n a motion to dismiss, we may consider materials incorporated into the complaint or matters of public record. We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance. But the mere mention of the existence of a document is insufficient to incorporate the contents of a document.

*Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). In the case at bar, the purchase agreement and purchase order were not incorporated into the complaint and are not matters of public record. Furthermore, the contents of the documents are not alleged in the complaint. Thus, the question is whether the complaint necessarily relies upon the documents.

Here, the Court agrees with Asetek that CoolIT has failed to show that the complaint necessarily relies upon the purchase agreement and purchase order. The complaint refers to a relationship between CoolIT and the Corsair U.S. entities, not any Corsair entity outside the United States. *See* Compl. ¶ 6. There is no basis under Rule 12(b)(6) for considering the purchase agreement and purchase order.

Moreover, even if the documents were considered, the mere existence of a contract between CoolIT and Corsair Hong Kong does not obviate the possibility of a contract between CoolIT and Corsair U.S.

Finally, even if CoolIT were right that the only contract that it signed was with Corsair Hong Kong, that contract can plausibly be read to include a relationship with Corsair U.S. As Asetek points out, the purchase agreement provides: "This Product Purchase Agreement . . . is effective as

4

of October 6, 2010 . . . between Corsair (Hong Kong) Ltd. (*including its parent, subsidiary, or representative/liaison offices*) . . . and CoolIT Systems, Inc. . . . ." Lyon Decl., Ex. A (purchase agreement) (emphasis added). Corsair Components, Inc. (based in the United States) appears to be the parent for Corsair Hong Kong, *see* Hulse Decl., Ex. 1 (SEC registration statement for Corsair Components, Inc., identifying Corsair Hong Kong as a subsidiary). And arguably, Corsair Memory, Inc. could be deemed a representative or liaison office.

Construing the complaint in Asetek's favor, the Court denies the motion to dismiss the claim for direct infringement.

C. <u>Indirect Infringement</u>

CoolIT argues next that the indirect infringement claim should be dismissed. CoolIT's arguments here boil down to the following: (1) to the extent the direct infringement is by Corsair, the claim is problematic because "Corsair has a license or other agreement with Asetek allowing it to sell products in the U.S. that are within the claims of the patents-in-suit," Mot. at 9; and (2) to the extent the direct infringement is by other resellers, the claim is problematic because it does not identify either the resellers or the allegedly infringing products.

As a preliminary matter, the Court takes note that CoolIT has addressed only indirect infringement via direct infringement by Corsair and other resellers. However, Asetek has also asserted indirect infringement based on direct infringement by end users. Thus, similar to above, at best, CoolIT has raised only a basis for partial dismissal of the indirect infringement claim.

[redacted]

As for the second argument, it is problematic in part. The Court finds that it may fairly be inferred from the complaint that the allegedly infringing products are the H60, H80, and H100 liquid cooling products.[1] However, Asetek's failure to identify the exact resellers poses more of a concern. It is true that, under Federal Circuit law, "[t]o state a claim for indirect infringement, . . . a plaintiff need not identify a *specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336 (emphasis in original). But here, Asetek has not pled sufficient facts to allow an inference that there is at least one reseller (other than Corsair) who directly infringes. Its allegations in this regard are conclusory. Claims for indirect infringement are not sufficiently pled merely by complying with Form 18 standards. *See id.* (stating that "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement"); *see also Superior Indus., LLC v. Thor Global Enters.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) (stating that "Form 18 does not determine the sufficiency of pleading for claims of indirect infringement"). Accordingly, the Court shall dismiss in part the indirect infringement claim to the extent the claim is based on direct infringement by resellers other than Corsair.

### III. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Asetek's motion to dismiss. The claim for indirect infringement is partially dismissed – *i.e.*, to the extent the claim is based on direct infringement by resellers other than Corsair. This dismissal is without prejudice. The motion to dismiss is otherwise denied. Asetek has leave to file an amended complaint within thirty (30) days of the date of this order to address the deficiency discussed above. As noted in note 2, *supra*, the parties should also meet and confer to determine whether Asetek should be able to name additional CoolIT products that infringe.

---

[1] The Court acknowledges that, at the hearing, Asetek identified other CoolIT products that infringe. The parties should meet and confer to determine whether Asetek needs to formally file an amended complaint to name these additional products.

6

Finally, the Court notes that a copy of this order is being publicly filed and filed under seal. The public version has a portion that has been redacted because it includes information that Asetek claims is confidential. The parties shall immediately review the sealed copy and file a statement with the Court, within one week of the date of this order, addressing (1) whether the order may be publicly filed *in its entirety* (*i.e.*, with no redactions) and (2) if not, whether a narrower redaction is possible.

This order disposes of Docket No. 22.

IT IS SO ORDERED.

Dated: January 23, 2013

_____
EDWARD M. CHEN
United States District Judge