COOLEY LLP
HEIDI L. KEEFE (178960) (hkeefe@cooley.com)
DANIEL J. KNAUSS (267414) (dknauss@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

DENNIS McCOOE (mccooe@blankrome.com)
(admitted *Pro Hac Vice*)
KATHERINE BARECCHIA (barecchia@blankrome.com)
(admitted *Pro Hac Vice*)
JOEL DION (dion-j@blankrome.com)
(admitted *Pro Hac Vice*)
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5580
Facsimile: (215) 832-5580

Attorneys for Defendant
CoolIT Systems, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ASETEK HOLDINGS, INC. and ASETEK A/S,<br><br>Plaintiffs,<br><br>v.<br><br>COOLIT SYSTEMS INC.,<br><br>Defendant. | Case No. 3:12-cv-04498-EMC<br><br>**DEFENDANT COOLIT SYSTEMS, INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND FIRST AMENDED COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Defendant CoolIT Systems Inc. ("CoolIT") by and through its attorneys, to answer Plaintiffs' Amended Complaint as follows:

## Nature of the Action

**Complaint Paragraph No. 1:** This complaint seeks judgment that CoolIT has infringed and continues to infringe Asetek's U.S. Patent Nos. 8,240,362 ("the '362 patent") and 8,245,764 ("the '764 patent") (collectively, "the Patents-in-Suit"). The Patents-in-Suit relate to a cooling system and cooling method for a computer system. A true and accurate copy of the '362 patent is attached hereto as Exhibit A. A true and accurate copy of the '764 patent is attached hereto as Exhibit B.

**Answer to Paragraph No. 1:** CoolIT admits only that the complaint purports to state claims for patent infringement. CoolIT further admits that copies of the '362 patent and the '764 patent are attached as exhibits A and B to the complaint. CoolIT denies any characterization of the exhibits. CoolIT further denies that it has infringed or that it continues to infringe the '362 patent or the '764 patent. All other allegations of this paragraph are denied.

## The Parties

**Complaint Paragraph No. 2:** Plaintiff Asetek Holdings, Inc. is organized and exists under the laws of Delaware. Asetek Holdings, Inc's principal place of business is 5285 Hellyer Avenue, Suite 110, San Jose, California 95138.

**Answer to Paragraph No. 2:** CoolIT lacks sufficient knowledge to enable it to admit or deny the allegations of this paragraph. On that basis, these allegations are denied.

**Complaint Paragraph No. 3:** Plaintiff Asetek A/S is a corporation organized and existing under the laws of Denmark, and has its principal place of business at Saltumvej 27, DK-9700 Broenderslev, Denmark. Asetek is the owner of the Patents-in-Suit, and is a wholly owned subsidiary of Asetek Holdings, Inc.

**Answer to Paragraph No. 3:** CoolIT lacks sufficient knowledge to enable it to admit or deny the allegations of this paragraph. On that basis, these allegations are denied.

**Complaint Paragraph No. 4:** Upon information and belief, Defendant CoolIT is a corporation operating and existing under the laws of Canada with its principal place of business at 3920 29th Street NE, Calgary, Alberta, Canada T1Y 6B6.

**Answer to Paragraph No. 4:** CoolIT admits the allegations of paragraph 4.

## Jurisdiction

**Complaint Paragraph No. 5:** This Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

**Answer to Paragraph No. 5:** CoolIT admits that the complaint purports to set forth an action arising under 35 U.S.C. § 1, *et seq*. and invoking 28 U.S.C. §§1331 and 1338(a) and that the Court has subject matter jurisdiction over the claims. All other allegations of this paragraph are denied.

**Complaint Paragraph No. 6:** This Court has personal jurisdiction over CoolIT because CoolIT infringes the Patents-in-Suit in the United States, in California, and in this judicial district. CoolIT maintains a website via which it promotes and offers to sell its infringing products to customers, including customers in the United States, in California, and in this judicial district. Among other things, upon information and belief, CoolIT offers to sell and sells its infringing products to Corsair Components, Inc. and Corsair Memory, Inc. (collectively "Corsair") for importation, promotion, sales, and distribution to end users throughout the United States, including in California and in this judicial district. Corsair's principal place of business is in Fremont, California, in this judicial district. CoolIT's website identifies Corsair as a "proud retailer of CoolIT's liquid cooling solutions." CoolIT claims on its website to have a "retail partnership" with Corsair, and further states that "[d]ue to our partnership with Corsair for the retail market, please visit the Corsair website for any direct retail sales inquiries." Upon information and belief, CoolIT has entered into one or more contracts with Corsair for this "partnership" and the promotion, importation, offers for sale, sale, and distribution of CoolIT products, including products that infringe the Patent-in-Suit, to end users in the United States (including California and this judicial district). Upon information and belief, CoolIT derives

substantial revenue from its sales of infringing products to Corsair in California and this judicial district, and CoolIT purposefully avails itself of the privilege of conducting activities in California, thus invoking the benefits and protections of the laws of California.

**Answer to Paragraph No. 6:** CoolIT denies that it infringes the Patents-in-Suit. CoolIT admits that it has a website through which it promotes its liquid cooling products. CoolIT denies that it offers to sell or sells products to Corsair Components, Inc. and/or Corsair Memory, Inc. CoolIT is without sufficient information to enable it to admit or deny the location of Corsair's principal place of business, and, on that basis, that allegation is denied. CoolIT denies that any of the products it sells infringe either of the Patents-in-Suit. CoolIT denies the existence of a "partnership" between Corsair and CoolIT. All remaining allegations of this paragraph are denied.

**Facts**

**Complaint Paragraph No. 7:** Asetek is the world leading provider of CPU and GPU liquid cooling systems for thermal and acoustic management. Asetek's solutions are used by leading original equipment manufacturers ("OEM") servicing the gaming, workstation and performance PC markets. Asetek filed U.S. provisional patent application 60/517,924 covering integrated liquid cooling in 2003, and in 2006, the company made a strategic decision to shift its focus to providing water-based cooling solutions for the OEM market and introduced the first fully assembled, factory sealed liquid cooling system. In addition to being designed for manufacturing and providing up to 50,000 hours of maintenance-free operation, Asetek shattered liquid cooling's price barriers. Asetek is now the vendor of choice for CPU cooling in factory overclocked gaming systems, serving Dell Alienware, Acer and multiple leading gaming system providers.

**Answer to Paragraph No. 7:** CoolIT lacks sufficient knowledge to enable it to admit or deny the allegations of this paragraph. On that basis, these allegations are denied.

**Complaint Paragraph No. 8:** Asetek is also active in the workstation market, supplying liquid cooling for HP's Z400 and Z800 workstations and several tier 2 workstation suppliers. "Quiet

computing" and reliability are the principle drivers for superior thermal management within the workstation market. Liquid cooling delivers both by moving heat to a location where it can be exhausted directly from the chassis using modest air flow velocities, reducing internal chassis temperatures and lowering system noise.

**Answer to Paragraph No. 8:** CoolIT lacks sufficient knowledge to enable it to admit or deny the allegations of this paragraph. On that basis, these allegations are denied.

**Complaint Paragraph No. 9:** Asetek is addressing the server market with its new low profile integrated pump and cold plate CPU cooler. The low profile pump is sized perfectly to fit in 1U rack servers. The company's heat exchanger technology for servers is derived from solutions the company has developed for all-in-one and notebook PCs. Within the server market the key benefits of water-based cooling are enabling increased thermal density and energy savings.

**Answer to Paragraph No. 9:** CoolIT lacks sufficient knowledge to enable it to admit or deny the allegations of this paragraph. On that basis, these allegations are denied.

**Complaint Paragraph No. 10:** CoolIT identifies itself a "leading supplier of reliable and customizable liquid cooling solutions for computers." Upon information and belief, CoolIT is an OEM and manufactures at least the H60, H80/H80(i), and H100/H100(i) liquid cooling products that infringe the Patents-in-Suit. Upon information and belief, CoolIT offers to sell and sells at least the H60, H80/H80(i), and H100/H100(i) products to, at least, Corsair in the United States, and Corsair then offers to sell and sells them to end users in the United States, in California, and in this judicial district. Upon information and belief, CoolIT's claimed "partner" Corsair has demonstrated these CoolIT products at trade shows within the United States, and has sent out product samples to potential customers within the United States. Upon in formation and belief, CoolIT has also offered to sell and sold the same H60, H80/H80(i), and H100/H100(i) product configurations to other resellers/customers in the United States under different names or product numbers that also infringe the Patents-in-Suit. For purposes of this complaint, those products are referred to herein as the H60, H80/H80(i), and H100/H100(i).

**Answer to Paragraph No. 10:** CoolIT admits that it is a leading supplier of reliable and customizable liquid cooling solutions for computers. CoolIT further admits that it manufactures or has manufactured the H60, H80/H80(i), and H100/H100(i) cooling products. CoolIT denies that any of those products, or any other products it sells, infringe either of the Patents-in-Suit. CoolIT denies that it offers to sell or sells products to "Corsair," i.e. Corsair Components, Inc. and/or Corsair Memory, Inc. CoolIT denies the existence of a "partnership" between Corsair and CoolIT. CoolIT denies that "has also offered to sell and sold the same H60, H80/H80(i), and H100/H100(i) product configurations to other resellers/customers in the United States under different names or product numbers" and/or that any such products, to the extent any exist, infringe either of the Patents-in-Suit. All remaining allegations of this paragraph are denied.

**Complaint Paragraph No. 11:** Upon information and belief, CoolIT is also offering to sell and is selling cooling products that infringe the Patents-in-Suit to additional customers in the United States, including resellers who then offer to sell and sell them to end users in the United States. Such products include, but are not limited to, CoolIT's H60, H80/H80(i), H100/H100(i), ECO II, ECO II-1U 1C, ECO II-1U 2C, ECO II-2U 1C, RACK DCLC, and ECO ALC products, all but one of which CoolIT advertises on its website. Such resellers include, but are not limited to, International Computer Concepts ("ICC"), which, upon information and belief, is based in Lake Zurich, Illinois, and has formed a partnership with CoolIT to utilize CoolIT's ECO II-2U cooling products in its Vega series lines, which ICC has offered for sale on its website.

**Answer to Paragraph No. 11:** CoolIT admits that it manufactures or has manufactured H60, H80/H80(i), H100/H100(i), ECO II, ECO II-1U 1C, ECO II-1U 2C, ECO II-2U 1C, RACK DCLC, and ECO ALC cooling products. CoolIT denies that any of those products infringe either of the Patents-in-Suit. CoolIT denies the existence of a "partnership" between ICC and CoolIT. CoolIT lacks information sufficient to enable it to admit or deny the remaining allegations of this paragraph. On that basis, the remaining allegations are denied.

**Complaint Paragraph No. 12:** Upon information and belief, CoolIT has also offered to sell and sold its infringing products to AVADirect Custom Computers (www.avadirect.com), which is

located near Cleveland, Ohio, and which has offered to sell CoolIT's ECO ALC to end users in the United States.

**Answer to Paragraph No. 12:** CoolIT admits that it manufactures or has manufactured the ECO ALC cooling products. CoolIT denies that this product infringe either of the Patents-in-Suit. CoolIT lacks information sufficient to enable it to admit or deny the remaining allegations of this paragraph. On that basis, the remaining allegations are denied.

**Complaint Paragraph No. 13:** Upon information and belief, CoolIT has also offered to sell and sold its infringing products to modDIY.com, which is located in Hong Kong and which has offered to sell CoolIT's ECO ALC to end users in the United States through its website.

**Answer to Paragraph No. 13:** CoolIT denies the allegations of this paragraph.

## COUNT I

### Infringement of U.S. Patent No. 8,240,362

**Complaint Paragraph No. 14:** Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1 through 13 of this complaint as if fully set forth and restated herein.

**Answer to Paragraph No. 14:** CoolIT incorporates its responses to paragraphs 1-13 as though fully set forth herein.

**Complaint Paragraph No. 15:** The '362 patent entitled "Cooling System for a Computer System" was duly and legally issued by the United States Patent and Trademark Office ("PTO") on August 14, 2012. Asetek is the sole and exclusive owner of the '362 patent. CoolIT, without authority or consent of Asetek, has been and continues to offer to sell and sell in the United States products that infringe the '362 patent, including but not limited to the H60, H80/H80(i), H100/H100(i), ECO II, ECO II-1U 1C, ECO II-1U 2C, and ECO II-2U 1C cooling products. Thus, CoolIT has directly infringed and continues to directly infringe the '362 patent.

**Answer to Paragraph No. 15:** CoolIT admits that the '362 patent is entitled "Cooling System for a Computer System." CoolIT admits that the '362 patent bears an issuance date of August 14, 2012, but denies that the '362 patent was duly or legally issued. CoolIT denies the remaining allegations of this paragraph.

**Complaint Paragraph No. 16:** At least as of August 27, 2012, CoolIT has had knowledge of the '362 patent and, upon information and belief, has induced and continues to induce direct infringement of the '362 patent by aiding and abetting infringement by customers in the United States, including but not limited to customers of the H60, H80/H80(i), H100/H100(i), ECO II, ECO II-1U 1C, ECO II-1U 2C, and ECO II-2U 1C cooling products. CoolIT has intentionally taken action that has actually induced and continues to induce direct infringement by customers in the United States, and has known that the acts it has been and is causing infringe the '362 patent. These acts include, but are not limited to, CoolIT's promotion on its website and its sales of infringing products to companies such as ICC for the promotion, offers to sell, and sales of CoolIT's cooling products in the United States.

**Answer to Paragraph No. 16:** CoolIT admits that it had knowledge of the '362 patent as of August 27, 2012. CoolIT denies the remaining allegations of this paragraph.

**Complaint Paragraph No. 17:** At least as of August 27, 2012, CoolIT has knowledge of the '362 patent and has contributed and continues to contribute to direct infringement of the '362 patent by supplying an important (material) component of the infringing products and method to customers such as ICC in the United States, including but not limited to the H60, H80/H80(i), and H100/H100(i), ECO II, ECO II-1U 1C, ECO II-1U 2C, and ECO II-2U 1C cooling products, which are not a common components suitable for non-infringing use. CoolIT supplies the components with knowledge of the '362 patent and knowledge that the components were especially made or adapted for use in an infringing manner, and that customers and end users directly infringe the '362 patent in the United States.

**Answer to Paragraph No. 17:** CoolIT admits that it had knowledge of the '362 patent as of August 27, 2012. CoolIT denies the remaining allegations of this paragraph.

1 **Complaint Paragraph No. 18:** CoolIT's infringement of the '362 patent has caused and
2 continues to cause damages and irreparable harm to Plaintiffs.
3 **Answer to Paragraph No. 18:** CoolIT denies the allegations of this paragraph.

## COUNT II

### Patent Infringement of U.S. Patent No. 8,245,764

**Complaint Paragraph No. 19:** Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1 through 18 of its complaint as if fully set forth and restated herein.

**Answer to Paragraph No. 19:** CoolIT incorporates by reference its responses to paragraphs 1-18 as though fully set forth herein.

**Complaint Paragraph No. 20:** The '764 patent entitled "Cooling System for a Computer System" was duly and legally issued by the United States Patent and Trademark Office ("PTO") on August 21, 2012. Asetek is the sole and exclusive owner of the '764 patent. CoolIT, without authority or consent of Asetek, has been and continues to offer to sell and sell in the United States products that infringe the '764 patent, including but not limited to the H60, H80/H80(i), H100/H100(i), ECO II, ECO II-1U 1C, ECO II-1U 2C, ECO II-2U 1C, RACK DCLC, and ECO ALC cooling products. CoolIT has directly infringed and continues to directly infringe the '764 patent.

**Answer to Paragraph No. 20:** CoolIT admits that the '764 patent is entitled "Cooling System for a Computer System" and that it bears an issuance date of August 21, 2012. CoolIT denies the remaining allegations of this paragraph.

**Complaint Paragraph No. 21:** At least as of August 27, 2012, CoolIT has had knowledge of the '764 patent and, upon information and belief, has induced and continues to induce direct infringement of the '764 patent by aiding and abetting infringement by customers in the United States, including but not limited to customers of the H60, H80/H80(i), H100/H100(i), ECO II, ECO II-1U 1C, ECO II-1U 2C, ECO II-2U 1C, RACK DCLC, and ECO ALC cooling products. CoolIT has intentionally taken action that has actually induced and continues to induce direct infringement by customers and end users in the United States, and has known that the acts it has been causing would infringe the '764 patent. These acts include, but are not limited to, CoolIT's

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

ASETEK HOLDINGS, et al. v. COOLIT
SYSTEMS, INC. – 3:12-CV-04498-EMC

8

**COOLIT SYSTEMS, INC.'S FIRST AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT**

promotion on its website and sales to companies such as ICC, AVADirect Custom Computers, and modDIY.com for the promotion, offers to sell, and sales of CoolIT's cooling products to customers and end users in the United States.

**Answer to Paragraph No. 21:** CoolIT admits that it had knowledge of the '764 patent as of August 27, 2012. CoolIT denies the remaining allegations of this paragraph.

**Complaint Paragraph No. 22:** At least as of August 27, 2012, CoolIT has knowledge of the '764 patent and has contributed and continues to contribute to direct infringement of the '764 patent by supplying an important (material) component of the infringing products and method to customers and end users in the United States, including but not limited to the H60, H80/H80(i), H100/H100(i), ECO II, ECO II-1U 1C, ECO II-1U 2C, ECO II-2U 1C, RACK DCLC, and ECO ALC cooling products, which are not a common components suitable for non-infringing use. CoolIT supplies the components with knowledge of the '764 patent and knowledge that the components were especially made or adapted for use in an infringing manner, and that customers and end users directly infringe the '764 patent in the United States.

**Answer to Paragraph No. 22:** CoolIT admits that it had knowledge of the '764 patent as of August 27, 2012. CoolIT denies the remaining allegations of this paragraph.

**Complaint Paragraph No. 23:** CoolIT's infringement of the '764 patent has caused and continues to cause damages and irreparable harm to Plaintiffs.

**Answer to Paragraph No. 23:** CoolIT denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Non-Infringement

CoolIT does not infringe any valid, enforceable claim of the '362 patent or the '764 patent.

### Second Affirmative Defense: Invalidity

One or more of the claims of the '362 patent and the '764 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101, et seq.

### Third Affirmative Defense: Prosecution History Estoppel

Plaintiffs' claims are barred by the doctrine of prosecution history estoppel.

# PRAYER FOR RELIEF

WHEREFORE, CoolIT respectfully requests that the Court enter judgment in its favor as follows:

    A.    A judgment that CoolIT has not infringed, directly, contributorily, or by inducement, the Patents-in-Suit;

    B.    A judgment that the Patents-in-Suit are invalid;

    C.    Declare that this case is exceptional and award CoolIT its reasonable costs and attorneys' fees pursuant to 28 U.S.C. § 285; and

    D.    Grant such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

### Jurisdiction

These are counterclaims for a declaration of non-infringement and invalidity of the Patents-in-Suit and for infringement by Asetek of CoolIT's U.S. Pat. No. 8,382,456 ("the Scott patent"). This Court has jurisdiction and venue over this counterclaim under 28 U.S.C. §§ 1331, 1338, 1367, and 2201.

An actual case and controversy exists between the parties regarding the infringement, validity, and enforceability of the Patents-in-Suit. The controversy is ripe for adjudication because Asetek filed a civil action against CoolIT alleging infringement of the Patents-in-Suit.

### Parties

1. Counterclaim-Plaintiff CoolIT is a corporation operating and existing under the laws of Canada with its principal place of business at 3920 29th Street NE, Calgary, Alberta, Canada T1Y 6B6.

2. Upon information and belief, Counterclaim-Defendant Asetek Holdings, Inc. is organized and exists under the laws of Delaware and has a principal place of business is 5285 Hellyer Avenue, Suite 110, San Jose, California 95138.

3. Upon information and belief, Counterclaim-Defendant Asetek A/S is a corporation organized and existing under the laws of Denmark, and has a principal place of business at

Saltumvej 27, DK-9700 Broenderslev, Denmark. Upon information and belief, Asetek is the owner of the Patents-in-Suit, and is a wholly owned subsidiary of Asetek Holdings, Inc.

**Facts**

4. The Scott patent was duly and legally issued by the United States Patent and Trademark Office on February 26, 2012. A true and correct copy of the Scott patent is attached hereto as Exhibit A.

5. CoolIT is the owner by assignment of all right, title, and interest in and to the Scott patent.

6. Asetek is a provider of CPU and GPU liquid cooling systems. On information and belief, Asetek manufactures, imports, offers to sell, and sells liquid cooling products in the United States directly to consumers and also to original equipment manufacturers ("OEM") for use in gaming computers, workstations, PCs, servers, and other computer systems.

7. Upon information and belief, Asetek manufactures, has manufactured, imports, offers to sell, and sells at least the Asetek 510LC, Asetek 545LC, Asetek 550LC, Asetek 570LC, Asetek 570LX, Asetek 740GF, Asetek 760GC, Asetek Rack CDU, Asetek ISAC, Asetek Server Internal Loop, AMD FX-8150 Black Edition, Antec Khuler H2O 620, Antec Khuler H2O 920, Corsair Hydro Series H50, Corsair Hydro Series H55, Corsair Hydro Series H70, Corsair Hydro Series H90, Corsair Hydro Series H110, Intel BXRTS2011LC, NZXT Kraken X40, NZXT Kraken X60, Thermaltake Water 2.0 Performer, Thermaltake Water 2.0 Pro, Thermaltake Water 2.0 Extreme, Zalman CNPS20LQ, Zalman LQ – 310 Water, Zalman LQ – 315 Water, Zalman LQ – 320 Water cooling products, as well as products produced for the HP Workstation Z400, Z800, Z420, and Z820, Dell Alienware, and Asus liquid cooling products, that infringe the Scott patent.

8. Upon information and belief, Asetek offers to sell and sells infringing cooling products to, at least, AMD, Antec, Corsair, Intel, NZXT, Thermaltake, Zalman, HP, Dell, and Asus in the United States.

## FIRST COUNTERCLAIM

### (Invalidity of U.S. Patent No. 8,240,362)

9. CoolIT repeats and realleges the responses and allegations in paragraphs 1 through 8 above as if fully set forth herein.

10. Based on Asetek's filing of its Complaint there is an actual controversy between the parties regarding the validity of U.S. Patent No. 8,240,362 ("the '362 patent").

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., CoolIT requests a declaration by the Court that the '362 patent is invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code § 101 et seq., including particularly, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

12. Subject to further proceedings and discovery, including any construction of the '362 patent claims, the claims of the '362 patent are invalid because they are anticipated pursuant to 35 U.S.C. § 102 or rendered obvious pursuant to 35 U.S.C. § 103 by prior art patents, printed publications, and/or public use or on-sale activities, including, but not limited to one or more of the documents and other evidence that will likely be identified after a reasonable opportunity for further investigation or discovery, whether taken alone or in combination with the knowledge of one skilled in the particular art. Prior art to be relied on at trial will be identified as required by 35 U.S.C. § 282 and/or any order entered by the Court.

13. The claims of the '362 patent are invalid pursuant to 35 U.S.C. § 112 for failure to comply with the written description requirement and/or for indefiniteness.

## SECOND COUNTERCLAIM

### (Invalidity of U.S. Patent No. 8,245,764)

14. CoolIT repeats and realleges the responses and allegations in paragraphs 1 through 13 above as if fully set forth herein.

15. Based on Asetek's filing of its Complaint there is an actual controversy between the parties regarding the validity of U.S. Patent No. 8,245,764 ("the '764 patent").

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., CoolIT requests a declaration by the Court that the '764 patent is invalid for failure to satisfy one

or more of the conditions for patentability set forth in Title 35 of the United States Code § 101 et seq., including particularly, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

17. Subject to further proceedings and discovery, including any construction of the '764 patent claims, the claims of the '764 patent are invalid because they are anticipated pursuant to 35 U.S.C. § 102 or rendered obvious pursuant to 35 U.S.C. § 103 by prior art patents, printed publications, and/or public use or on-sale activities, including, but not limited to one or more of the documents and other evidence that will likely be identified after a reasonable opportunity for further investigation or discovery, whether taken alone or in combination with the knowledge of one skilled in the particular art. Prior art to be relied on at trial will be identified as required by 35 U.S.C. § 282 and/or any order entered by the Court.

18. The claims of the '764 patent are invalid pursuant to 35 U.S.C. § 112 for failure to comply with the written description requirement and/or for indefiniteness.

### THIRD COUNTERCLAIM

**(Non-Infringement of the Patents-in-Suit)**

19. CoolIT repeats and realleges the responses and allegations in paragraphs 1 through 18 above as if fully set forth herein.

20. CoolIT has not infringed and is not infringing any valid or enforceable claim of the '362 patent or the '764 patent.

21. By reason of the foregoing, CoolIT is entitled to an entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the patents-in-suit not infringed.

### FOURTH COUNTERCLAIM

**(Infringement of the Scott Patent)**

22. CoolIT repeats and realleges the responses and allegations in paragraphs 1 through 21 above as if fully set forth herein.

23. Asetek, without authority or consent of CoolIT, has been and continues to offer to sell and sell in the United States products that infringe the Scott patent, including but not limited to the Asetek 510LC, Asetek 545LC, Asetek 550LC, Asetek 570LC, Asetek 570LX, Asetek 740GF, Asetek 760GC, Asetek Rack CDU, Asetek ISAC, Asetek Server Internal Loop, AMD

FX-8150 Black Edition, Antec Khuler H2O 620, Antec Khuler H2O 920, Corsair Hydro Series H50, Corsair Hydro Series H55, Corsair Hydro Series H70, Corsair Hydro Series H90, Corsair Hydro Series H110, Intel BXRTS2011LC, NZXT Kraken X40, NZXT Kraken X60, Thermaltake Water 2.0 Performer, Thermaltake Water 2.0 Pro, Thermaltake Water 2.0 Extreme, Zalman CNPS20LQ, Zalman LQ – 310 Water, Zalman LQ – 315 Water, Zalman LQ – 320 Water cooling products, as well as products produced for the HP Workstation Z400, Z800, Z420, and Z820, Dell Alienware, and Asus. Thus, Asetek has directly infringed and continues to directly infringe the Scott patent.

24. Asetek's infringement of the Scott patent has caused and continues to cause damages and irreparable harm to CoolIT.

WHEREFORE, Counterclaim-Plaintiff CoolIT Systems, Inc. respectfully requests that the Court enter judgment in its favor and against Asetek as follows:

A. Dismiss Asetek's Complaint with prejudice;

B. Declare that the '362 and '764 patents have not been infringed;

C. Declare the '362 and '764 patents invalid;

D. Permanently enjoin and restrain Asetek, its officers, employees, agents and all persons in active concert or participation with Asetek from asserting that CoolIT products and/or business activities constitute an infringement of the '362 and '764 patents, and from any and all acts giving rise to CoolIT's counterclaims;

E. Declare that Asetek has infringed and is infringing the Scott Patent;

F. Award CoolIT its actual damages pursuant to 35 U.S.C. § 284, in an amount to be determined at trial;

G. Permanently enjoin and restrain Asetek, its officers, employees, agents and all persons in active concert or participation with Asetek from infringing the Scott patent;

H. Declare that this case is exceptional and award CoolIT its reasonable attorneys' fees and costs; and

I. Grant such further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

CoolIT requests a jury trial as to all matters so triable.

Dated: February 26, 2013

COOLEY LLP
HEIDI L. KEEFE
DANIEL J. KNAUSS

*/s/ Daniel J. Knauss*
DANIEL J. KNAUSS
Attorneys for Defendant
CoolIT Systems, Inc.

1102499 v1/HN